UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MICHAEL DI POMPO and RICHARD DI POMPO,

                                    Plaintiffs,

                       - against -

CITY MANAGER ANTHONY RUGGIERO, MAYOR
RANDY CASALE, LEE KYRIACOU, BEACON CHIEF OF
POLICE DOUGLAS SOLOMON, PATROLMAN EVANS,     **OPINION AND ORDER**
PATROLMAN FIGLIA, ALL OTHER POLICE OFFICERS
STANDING THERE IDENTIFIED OR UNIDENTIFIED,     17-CV-8077 (CS)
ANY AND ALL OTHER POLICE/LAW ENFORCEMENT
AGENCIES, INVESTIGATIVE AGENCIES WHO WERE
OTHERWISE PRESENT AND DELIBERATELY NOT
IDENTIFIED TO PLAINTIFFS AT THE SUBJECT
LOCATION, THE CITY OF BEACON POLICE
DEPARTMENT AND THE CITY OF BEACON,

                                   Defendants.
-------------------------------------------------------------------------x

Appearances:

Pamela J. Gabiger
Poughkeepsie, New York
*Counsel for Plaintiffs*

David L. Posner
McCabe & Mack LLP
Poughkeepsie, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is the motion to dismiss of Defendants Anthony Ruggiero, Randy

Casale, Lee Kyriacou, Douglas Solomon, Patrolman Evans, Patrolman Figlia, (together, the

"Individual Defendants"), and the City of Beacon and the City of Beacon Police Department

(together, the "Municipal Defendants"). (Doc. 18.) For the following reasons, the motion is GRANTED.

## I. BACKGROUND

I accept as true the facts, but not the conclusions, set forth in the Complaint. (Doc. 3 Ex. A ("Compl.").)

### A. Facts

Plaintiffs bring claims stemming from two incidents but do not explain how, or if, they are related.

On October 11, 2016, Plaintiffs were on their way home when they were "follow[ed] more closely than was reasonable and prudent under the circumstances" by Patrolman Evans, driving his patrol SUV, for a distance in excess of two miles. (Compl. ¶¶ 7-9.) Plaintiffs allege that, as a result of "the negligence and criminal stalking by defendants, plaintiffs suffered personal injuries, lost earnings and incurred expenses for medical treatment." (*Id.* ¶ 10.) Plaintiffs did not specify what injuries they suffered, earnings they lost, or medical treatment they underwent.

On January 23, 2015, police arrived at Plaintiff Michael Di Pompo's home and observed Michael V. Di Pompo bleeding from a gunshot wound, stating "I want to die. Let me die." (*Id.* ¶ 16.)[1] The responding officers arrested Plaintiff Michael Di Pompo, (*see id.* ¶ 24), and he was charged with first degree assault and first degree criminal use of a firearm, (*id.* ¶ 18). The

---

[1] Defendants represent that the victim, Michael V. Di Pompo, is the son of Plaintiff Michael Di Pompo. (Doc. 20 ("Mem.") at 1.)

criminal action stemming from this incident was ultimately terminated in Plaintiff Michael Di Pompo's favor. (*Id.* ¶ 31.)

Plaintiff Michael Di Pompo claims he was acting in self-defense when he shot Michael V. Di Pompo, but he does not allege that he told that to the arresting officers. (*Id.* ¶¶ 20, 51.) To the contrary, he alleges that he exercised "his Miranda rights by choosing not to speak without having consulted with an attorney" and was arrested as punishment for exercising his constitutional rights. (*Id.* ¶ 51.) Further, Plaintiffs allege that even though Plaintiff Michael Di Pompo was arrested in the living room, unidentified Defendants "seized property in other areas of the house, which is not listed or identified in any manner on the document purportedly entitled 'Evidence Inventory,'" and that unidentified Defendants "ransacked and left in total disarray[] other areas of the house." (*Id.*) Plaintiffs did not specifically allege which, if any, of the Defendants were involved in the January 23, 2015 incident.

The complaint also does not allege, either generally or specifically, that the Individual Defendants acted pursuant to a policy or custom of the City of Beacon or the City of Beacon Police Department during either incident.

### B.    Procedural History

On October 5, 2017, Plaintiffs commenced the instant action in state court, advancing the following claims: (1) negligence and criminal stalking; (2) false arrest; (3) malicious prosecution; (4) abuse of process; and (5) a § 1983 claim under the Fourth Amendment.[2] (*See* Doc 3 Ex. A.)

Defendants filed a notice of removal dated October 19, 2017. (Doc. 3 at 1-3.) Then, in a pre-motion letter dated November 15, 2017, Defendants requested a conference to discuss their

---

[2] Although Plaintiffs mention that Plaintiff Michael Di Pompo invoked his *Miranda* rights in their fifth cause of action, they do not allege that the invocation was not honored or otherwise assert the Fifth Amendment as a basis for

intent to file a motion to dismiss. (Doc. 5.) Plaintiffs did not file a letter in response, despite having been ordered to do so. (Doc. 6.) On December 4, 2017, this Court held the pre-motion conference and granted Plaintiffs leave to amend their complaint by January 12, 2018, to address deficiencies pointed out in Defendants' pre-motion letter. (*See* Minute Entry dated Dec. 4, 2017.) Plaintiffs did not amend their complaint.[3]

On April 20, 2018, the parties filed their motion papers, including Defendants' motion to dismiss, (Doc. 18), and memorandum of law in support of that motion; Plaintiffs' affirmation in opposition (Doc. 23 ("Opp.")); and Defendants' reply, (Doc. 25 ("Reply")).

## II. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure

---

their § 1983 claim, and thus the Court only considers their § 1983 claim under the Fourth Amendment. In any event, the remedy for a *Miranda* violation is "exclusion of any self-incriminating statements from use at a criminal proceeding, not an action for damages under Section 1983." *Myers v. Cty. of Nassau*, 825 F. Supp. 2d 359, 367 (E.D.N.Y. 2011) (collecting cases).

[3] Plaintiffs' counsel requested an extra thirty days to amend, which the Court denied because she had not explained why the previously allotted six weeks had been insufficient. (Doc. 11.) She thereafter neither explained why she needed more time nor filed an amended complaint.

from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).[4]

### III. DISCUSSION

#### A. Federal Claim

Under the fifth cause of action – the only one that appears to advance a federal claim – Plaintiffs allege that Defendants "falsely arrested [Plaintiff Michael Di Pompo], and falsely imprisoned him."[5] (Compl. ¶ 51.) Plaintiffs also allege that Defendants did so "to punish him for exercising his Miranda rights, and also violated [his] [Fourth] Amendment rights" by seizing "property in . . . the house, which is not listed or identified . . . on the document purportedly entitled 'Evidence Inventory'" and by "ransack[ing]" the house and leaving it "in total disarray." (*Id.*)

---

[4] Plaintiffs cite to the outdated no-set-of-facts pleading standard. (Opp. ¶ 8.) That standard was "retire[d]" by the Supreme Court in 2007 in *Twombly*. 550 U.S. at 562-63. No lawyer should be citing it in 2018.

[5] Plaintiffs repeatedly make allegations against "Respondents." (*See, e.g.*, Compl. ¶¶ 51-52.) The Court assumes that this term refers to Defendants in this action.

5

### 1. Sufficiency of the Pleadings

"To establish a claim under Section 1983, a plaintiff must show that there has been a denial of a right, privilege, or immunity secured by the Constitution or laws of the United States and that the deprivation of such right occurred under the color of state law." *Nardoni v. City of N.Y.*, – F. Supp. 3d –, No. 17-CV-2695, 2018 WL 3745665, at *3 (S.D.N.Y. Aug. 7, 2018). When a § 1983 claim is brought against individual defendants, the plaintiff must allege personal involvement of each named individual. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted); *Woodward v. Morgenthau*, 740 F. Supp. 2d 433, 437 (S.D.N.Y. 2010) (dismissing claims where plaintiff "has not alleged any facts indicating that . . . these defendants was personally involved in the alleged violations").

Plaintiffs' complaint does not identify who falsely arrested or falsely imprisoned Plaintiff Michael Di Pompo or who seized his property or ransacked his house. Plaintiffs' failure to specify *any* Individual Defendants' role in their § 1983 claim is fatal to the claim as to the Individual Defendants. *See Myers v. Moore*, 326 F.R.D. 50, 60 (S.D.N.Y. 2018) (dismissing complaint where it did "not plead facts demonstrating which officer is responsible" because "Plaintiff engage[d] in group pleading, lumping the three defendants together without pleading facts demonstrating what each did that makes him liable").

The claim fails as to the Municipal Defendants because Plaintiffs' complaint does not even attempt to allege the "existence of a municipal policy or custom," which is required "to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer." *JF v. Carmel Cent. Sch. Dist.*, 168 F. Supp. 3d 609, 616 (S.D.N.Y.

2016) (internal quotation marks omitted).  And Plaintiffs may not "predicate liability on a theory of *respondeat superior*, since that theory is unavailable for federal claims under Section 1983." *Rodriguez v. City of N.Y.*, 649 F. Supp. 2d 301, 306 (S.D.N.Y. 2009).  Therefore, the § 1983 claim must also be dismissed as to the Municipal Defendants.

### 2. Abandonment

In addition to deficiencies in their pleading, Plaintiffs abandoned their § 1983 claim, warranting dismissal.  "At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendants' arguments in support of dismissing that claim."  *Romeo & Juliette Laser Hair Removal, Inc. v. Assara LLC*, No. 08-CV-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014).

Defendants moved to dismiss Plaintiffs' § 1983 claim not only the grounds discussed above, but also on the grounds that the unidentified officers effecting the arrest had probable cause to arrest Plaintiff Michael Di Pompo, (Mem. at 5-6), and that the allegations regarding the seizure of evidence that was not used against him and the ransacking of Plaintiffs' home did not rise to the level of a constitutional violation, (*id.* at 6).

Plaintiffs' opposition did not address any of these arguments.  Plaintiffs merely recite the elements that a complaint must allege to state a § 1983 claim and that a plaintiff must prove to succeed on that claim, (Compl. ¶¶ 10, 25), without explaining how the complaint satisfies the former.  Plaintiffs focus most of their opposition on the statute of limitations for various § 1983 claims, including some that they did not bring in the instant action.  Moreover, Defendants did not challenge Plaintiffs' § 1983 claim as time-barred.

7

Because Plaintiffs did not address Defendants' arguments for dismissal of the fifth cause of action, I "may properly infer that plaintiffs, represented by counsel, have abandoned" their § 1983 claim. *Louis v. N.Y.C. Hous. Auth.*, 152 F. Supp. 3d 143, 156 (S.D.N.Y. 2016).

Defendants' motion to dismiss Plaintiffs' fifth cause of action is granted.

**B.     State Law Claims**

In addition to Plaintiffs' § 1983 claim, they further allege that their rights were violated under New York state law in causes of action one through four. The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal-law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having determined that the only claim over which this Court has original jurisdiction should be dismissed, I decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action. *See id*. (citing 28 U.S.C. § 1367(c)(3)).[6] Accordingly, Plaintiffs' causes of action one through four are dismissed.

**C.     Leave to Amend**

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory

---

[6] In light of my disposition, I need not address the sufficiency of the pleading of claims one through four, whether they are barred by collateral estoppel, whether they are time-barred, and whether New York permits civil claims for criminal stalking – although it would appear that Defendants have some meritorious arguments in these regards. For example, it is hard to imagine how the police could be expected to observe a bleeding gunshot victim and assume, without being told, that the other party acted in self-defense. Indeed, even if Plaintiff had claimed self-defense, the arresting officers would not have been required to believe him. *See Jocks v. Tavernier*, 316 F.3d 128, 135-36 (2d Cir. 2003); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In Plaintiffs' opposition to Defendants' motion to dismiss, they seek leave to amend their first cause of action (alleging "negligence and criminal stalking") to replead it as a claim for intentional infliction of emotional distress ("IIED"). (Opp. ¶ 6.) For the following reasons, Plaintiffs will not be granted leave to amend.

First, regardless of whether the claim is fashioned as one for negligence, criminal stalking (which, as Plaintiffs do not dispute, is not a cause of action under New York state law), or IIED, this Court will not exercise supplemental jurisdiction over the state law claim.

Second, Plaintiffs were put on notice that New York does not recognize a claim of "criminal stalking" on November 15, 2017, when Defendants submitted a pre-motion letter laying out their position that "no such civil cause of action exists in New York." (Doc. 5 at 2.) This Court granted Plaintiffs leave to amend their complaint on December 4, 2017, after Defendants submitted their pre-motion letter, but Plaintiffs did not amend.

Third, neither Plaintiffs' complaint nor their opposition give any indication that an amendment will satisfy the high pleading standard required for the claim they now seek to pursue. "The standard for pleading an IIED claim under New York law is notoriously difficult to satisfy," as Plaintiffs must demonstrate "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard for a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 440 (2d Cir. 2008) (summary order). Because

Plaintiffs have not provided any basis upon which this Court can plausibly infer that they can sufficiently plead an IIED claim or that pleading an IIED claim will salvage their complaint, leave to amend should not be granted. *See TechnoMarine SA v. Giftports, Inc*., 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result).

Accordingly, because I have declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, because Plaintiffs had an opportunity to amend but did not take it, and in the absence of any indication that Plaintiffs are in possession of facts that could cure the problems with their complaint, I decline on the present record to grant Plaintiffs leave to amend.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the pending motion, (Doc. 18), and close the case.

**SO ORDERED.**

Dated: October 17, 2018
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.